UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

BOSTON SCIENTIFIC CORPORATION                    Case No. 09-CV-3445 (PJS/FLN)
and BOSTON SCIENTIFIC SCIMED, INC.,

       Plaintiffs,

v.                                                                            ORDER

CORDIS CORPORATION,

       Defendant.

---

Paul A. Bondor, John M. Desmarais, and Young J. Park, KIRKLAND & ELLIS LLP; Randall E. Kahnke and Kevin P. Wagner, FAEGRE & BENSON LLP, for plaintiffs.

Eugene M. Gelernter, PATTERSON BELKNAP WEBB & TYLER LLP; Courtland C. Merrill, ANTHONY OSTLUND BAER & LOUWAGIE P.A. for defendant.

This matter is before the Court on defendants' motion to transfer the case under 28 U.S.C. § 1404(a) to the District of Delaware.  The Court grants the motion.

In this suit, plaintiffs Boston Scientific Corporation and Boston Scientific Scimed, Inc. (collectively "Boston Scientific") allege that defendant Cordis Corporation is willfully infringing U.S. Patent No. 5,922,021 (the '021 patent) by manufacturing and selling the 2.25-millimeter model of Cordis's "Cypher" stent.

Boston Scientific previously alleged, in a suit in the District of Delaware, that different-sized models of the Cypher stent infringed this same patent.  A jury agreed with Boston Scientific, and the Federal Circuit upheld the verdict on appeal in March 2009.  *See Cordis Corp. v. Boston Scientific Corp.*, 561 F.3d 1319 (Fed. Cir. 2009).  The Federal Circuit remanded the case for a trial on willfulness and damages, as the parties had agreed in June 2005 to bifurcate

-1-

those issues from the issue of liability.  The case was set for trial in February 2010 in front of

Judge Sue L. Robinson of the District of Delaware.

Meanwhile, Boston Scientific filed this lawsuit in December 2009, while the Delaware

action was pending.  The parties settled the Delaware action in January 2010.  Cordis now seeks

to have this case transferred to the District of Delaware, where Cordis plans to ask that the case

be assigned to Judge Robinson under that court's local rules.  The parties seem to agree that, if

the case is transferred to the District of Delaware, it will likely be assigned to Judge Robinson.

If the Delaware case were still pending, the Court would transfer this case to Delaware

without hesitation.  Boston Scientific contends in this case that Cordis infringes the same patent

that was asserted in the Delaware action with a product that the parties agree is effectively

identical to the product found to infringe in the Delaware action.  In effect, this case is simply a

continuation of the Delaware action, and it would waste scarce judicial resources to have two

proceedings ongoing in two different districts involving the same patent and essentially the same

product.

But according to Boston Scientific, because the Delaware action is no longer pending, the

Court should analyze the transfer question differently.  Boston Scientific and Cordis agree that in

this case, infringement is not at issue because Cordis's Cypher stent was found to infringe the

'021 patent in the Delaware action.  Thus the only issues in dispute in this lawsuit are whether

Cordis's current infringement is willful and the amount of Boston Scientific's damages.  Boston

Scientific argues that willful infringement and damages can be litigated as efficiently here as in

the District of Delaware because neither issue was litigated in the Delaware action.  The Court

disagrees.

To establish willful infringement by Cordis, Boston Scientific must show that Cordis "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent" and that this high likelihood of infringement "was either known or so obvious that it should have been known to [Cordis]." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). In light of the Delaware action, Cordis cannot argue that the 2.25 mm Cypher stent does not infringe the '021 patent, and thus Cordis will be able to defend against willful infringement only by arguing that it was objectively likely, when Cordis began infringing, that the '021 patent is invalid. Cordis apparently intends to base this argument on the fact that, in December 2009, the United States Patent and Trademark Office granted Cordis's request for ex parte reexamination of the '021 patent.

The Court does not have — and, for purposes of Cordis's motion to transfer, need not have — any opinion on the merits of Cordis's defense to willfulness. But the Court is confident that Judge Robinson is in a much better position than the Court to assess that defense, given that she is intimately familiar with the '021 patent and the Cypher stent. The strength of Cordis's defense is relevant both to whether this case should be stayed pending reexamination and to the propriety of preliminary injunctive relief (which Boston Scientific insists it may seek). Further, and more importantly, the strength of Cordis's defense to willfulness will be an important factor in a court's decision about how much (if at all) to enhance Boston Scientific's damages if Cordis is found to have willfully infringed the '021 patent. *See Spectralytics, Inc. v. Cordis Corp.*, 650 F. Supp. 2d 900, 921 (D. Minn. 2009) ("The degree to which damages should be enhanced for willfulness depends in large part on the reprehensibleness of the infringement — that is, it depends on *how* willful the willful infringement was.").

-3-

Given the central importance of the willfulness issue in this case and Judge Robinson's extensive experience with the '021 patent and the Cypher stent, the Court finds that transfer is appropriate under 28 U.S.C. § 1404(a).  Under § 1404(a), a court may transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Specifically, "[t]he convenience and availability of witnesses, absence of jurisdiction over all necessary or desirable parties, possibility of consolidation with related litigation, or considerations relating to the interest of justice must be evaluated to ensure the case receives attention in the most appropriate forum." *Micron Tech., Inc. v. MOSAID Tech., Inc.*, 518 F.3d 897, 905 (Fed. Cir. 2008); *see also Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997) (discussing factors to be considered under § 1404(a)).

The Court agrees with Boston Scientific that this Court may be a somewhat more convenient forum for Boston Scientific than the District of Delaware.  The Court also recognizes that the plaintiff's choice of forum is entitled to deference.  *See Terra Int'l*, 119 F.3d at 695.

But this is an unusual case, and the interests of justice weigh strongly in favor of transfer. The Court emphasizes that it is transferring this case not merely because Judge Robinson has a great deal of experience with stent litigation in general.  Rather, the Court is transferring this case because it is essentially a continuation of the *same case* that was pending before Judge Robinson when this case was filed, and because her experience with the identical patent and the (nearly) identical product will allow this case to be litigated far more efficiently before her than before the undersigned.

-4-

The Court also emphasizes that Cordis represented at the hearing on its motion that it agrees that this litigation should not start anew in Delaware, but rather should continue in Delaware from the same point and under the same scheduling and other orders.  In light of that representation — which the Court expects Cordis to abide by — the Court finds that Boston Scientific's concerns about any delay resulting from the transfer do not outweigh the factors that favor transfer.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.   Defendant Cordis Corporation's motion to transfer [Docket No. 12] is GRANTED.

2.   This case is hereby TRANSFERRED to the United States District Court for the District of Delaware.  The Clerk of Court is directed to effect the transfer.

Dated: April 16, 2010                     s/Patrick J. Schiltz
                                          Patrick J. Schiltz
                                          United States District Judge