IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civ. No. 10-315-SLR ) |
| CORDIS CORPORATION, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM ORDER**

At Wilmington this 28th day of April, 2011, having considered the issues raised at the pretrial conference on April 14, 2011 and having reviewed the recent submissions by Boston Scientific Corporation and Boston Scientific Scimed, Inc. ("BSC") and Cordis Corporation ("Cordis");

IT IS ORDERED that:

1. **Admissibility of clinical trial data.** Although the court is not entirely certain of the damages theories to be proposed at trial, the clinical trial data may be relevant under the entire market value rule, which "permits a patentee to recover the entire value of an apparatus that contains both patented and unpatented components, so long as the patented component is the basis for customer demand." *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1331 (Fed. Cir. 2009). To exclude the evidence would be to parse the actual story of this dispute with too broad a stroke. However, in recognition of the limited trial time and the risks of satellite litigation over

the efficacy of the Cypher 2.25 mm stent or the reliability of the clinical trial data, the court shall require Cordis to notify BSC before offering documents and testimony concerning the clinical trial data. Any resulting disputes shall be resolved in a focused context.

    2. **Testimony of Dr. Campbell Rogers.** BSC opposes Cordis' proffer of Dr. Campbell Rogers' testimony as a fact witness, contending that Dr. Rogers is an expert witness. (D.I. 169) The court declines to exclude Dr. Rogers' testimony related to those areas of which he has personal knowledge regarding the marketing of the 2.25 mm Cypher stent. See *United States v. Polishan*, 336 F.3d 234, 242 (3d Cir. 2003) (lay witness "testifying about business operations may testify about 'inferences that he could draw from his perception' of a business's records, or 'facts or data perceived' by him in his corporate capacity." (quoting *Teen-Ed, Inc. v. Kimball Int'l, Inc.*, 620 F.2d 399, 403-04 (3d Cir. 1980))). However, Dr. Rogers' testimony regarding the clinical trial data shall be limited in scope based upon the determination of the clinical trial data's relevance, as discussed *supra*.[1]

                                                            _____
                                                            United States District Judge

---

[1] To the extent that Dr. Rogers would have testified otherwise regarding the clinical trial data, the court would be inclined to find his testimony to be expert testimony.