IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BOSTON SCIENTIFIC )
CORPORATION and BOSTON )
SCIENTIFIC SCIMED, INC., )
)
    Plaintiffs, )
)
v. ) Civ. No. 10-315-SLR
)
CORDIS CORPORATION, )
)
    Defendant. )

## MEMORANDUM ORDER

At Wilmington this $\cancel{\jmath\hspace{-0.3em}5}$ th day of April, 2011, having reviewed the recent letter

submissions by Boston Scientific Corporation and Boston Scientific Scimed, Inc.

("BSC") (D.I. 164; D.I. 167) and Cordis Corporation ("Cordis") (D.I. 163; D.I. 168);

IT IS ORDERED that:

1. **Admissibility of evidence of reexamination proceedings.** It is generally

not the court's practice to admit the reexamination record as trial evidence. (D.I. 164,

Ex. B at 12:19-24) Rejections on reexamination are not binding, and such evidence is

almost always more prejudicial than probative. *See Sigram Schindler*

*Beteiligungsgesellschaft mbH v. Cisco Sys., Inc.*, 726 F. Supp. 2d 396, 415 n.31 (D.

Del. 2010); *see also Presidio Components Inc. v. Am. Technical Ceramics Corp.*, 2009

WL 3822694, at *2 (S.D. Cal. Nov. 13, 2009) (excluding evidence of reexamination

proceedings under Fed. R. Evid. 403 as unfairly prejudicial on the issue of willfulness).

Indeed, the parties agree that evidence of the reexamination proceedings would be

unduly prejudicial and confusing to the jury. (D.I. 163 at 2; D.I. 164 at 2-3) Therefore,

evidence of the reexamination shall be excluded pursuant to Federal Rule of Evidence

403.

2. **Summary judgment on the issue of willfulness.** In consideration of Cordis'

speaking motion for summary judgment of non-willfulness, the court concludes that

neither the record nor the case law supports a grant of summary judgment of non-

willfulness based on the reexamination proceedings.

> [T]o establish willful infringement, a patentee must show by clear and
> convincing evidence that the infringer acted despite an objectively high
> likelihood that its actions constituted infringement of a valid patent. The
> state of mind of the accused infringer is not relevant to this objective
> inquiry. If this threshold objective standard is satisfied, the patentee must
> also demonstrate that this objectively-defined risk (determined by the
> record developed in the infringement proceeding) was either known or so
> obvious that it should have been known to the accused infringer.

In re Seagate Tech., LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (citation omitted).

3. In this action, the record reflects that Cordis had knowledge of United States

Patent No. 5,922,021 ("the '021 patent") prior to its infringement. Specifically, claim 36

of the '021 patent was also at issue in the 03-027 case between BSC and Cordis, in

which the jury ruled in favor of BSC with respect to validity and infringement. (D.I. 164

at 2) The jury's ruling was affirmed by the Federal Circuit in March 2009, resulting in a

final judgment which precluded Cordis from continuing to challenge the validity of claim

36. (Id.) Cordis did not launch the 2.25 mm Cypher stent until September 2009 and did

not initiate the reexamination proceeding until October 13, 2009. (Id. at 3) Based on

these undisputed facts, the court declines to grant summary judgment of non-willfulness

in favor of Cordis.

2

4. It is well-established that the grant of a request for reexamination does not necessarily establish a likelihood of patent invalidity. *Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575, 1584 (Fed. Cir. 1996) (citing *Acoustical Design, Inc. v. Control Elecs. Co.*, 932 F.2d 939, 942 (Fed. Cir. 1991)). In fact, this court has held that "[e]vidence relating to reexaminations is not necessarily 'essential' or 'basic' to the willfulness issue." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, ___ F. Supp. 2d ___, Civ. No. 04-1371-LPS, 2011 WL 166197, at *5 (D. Del. Jan. 19, 2011). The court concludes that evidence of the reexamination proceeding alone does not provide Cordis with evidence of invalidity sufficient to raise a close question regarding willfulness based on the record presented in this case. *See Krippelz v. Ford Motor Co.*, 675 F. Supp. 2d 81, 894-95 (N.D. Ill. 2009) (finding plaintiff's request for reexamination irrelevant to willfulness despite interim rejections).

5. The court's decision to exclude evidence of the reexamination proceedings and deny Cordis' speaking motion for summary judgment of non-willfulness necessitates a grant of summary judgment in favor of BSC on the issue of willfulness. Cordis concedes that the only evidence in support of its argument for a finding of non-willfulness is the evidence regarding the reexamination proceedings, admitting that "if the Court decides instead to exclude the reexamination evidence under Fed. R. Evid. 403, as BSC requests, then Cordis has no choice but to consent to entry of summary judgment for BSC on willfulness." (D.I. 163 at 2; D.I. 168 at 1) Therefore, the court shall enter summary judgment in favor of BSC with respect to willfulness.[1]

---

[1]Because willfulness has been addressed, evidence of the 03-027 case, at the very least, would seem to now be irrelevant.

3

6.  **Reservation of rights.** Cordis reserves its right to appeal the exclusion of

the reexamination evidence.

Sue L. Robinson
United States District Judge