**Boston Scientific Corporation and Boston Scientific Scimed, Inc.**
**v.**
**Cordis Corporation**
**Civil Action No. 10-315-SLR**

---

**PRELIMINARY JURY INSTRUCTIONS**

**Members of the Jury:**

Now that you have been sworn in, I have the following preliminary instructions for guidance on your role as jurors in this case.

**The Parties and Issues**

In this case, the plaintiffs are Boston Scientific Corporation and Boston Scientific Scimed, Incorporated, which I will collectively refer to as "Boston Scientific." The defendant is Cordis Corporation, which I will refer to as "Cordis." Boston Scientific and Cordis are companies engaged in the design, development, marketing and sale of stents, which are medical devices implanted into arteries.

Boston Scientific is the owner of the United States patent at issue in this case. The patent is United States Patent No. 5,922,021, which I will refer to as "the '021 patent."

Under the patent laws of the United States, patent infringement occurs when the infringing party makes, uses, sells, or offers to sell in the United States a product meeting all requirements of a claim of a United States patent.

In an earlier case, Boston Scientific asserted that Cordis' BX Velocity and Cypher stents infringed claim 36 of the '021 patent, the same patent and the same claim at issue in this case. In July 2005, the jury in that case returned a verdict that

Cordis' BX Velocity and Cypher stents infringed claim 36 of the '021 patent and that claim 36 was not invalid, a finding that has been upheld on appeal.  Therefore, the jury verdict and judicial determinations of infringement and validity are final.

Because it has been determined that Cordis's 2.25 mm Cypher stent infringes claim 36 of the '021 patent, in this case, you will be asked to consider the amount of damages that should be awarded to Boston Scientific to compensate for Cordis's infringement.

**Duty of Jury**

It will be your duty to find what the facts are from the evidence as presented at trial.  You, and you alone, are the judges of the facts.  You will have to apply those facts to the law as I will instruct you at the close of evidence.  You must follow that law whether you agree with it or not.

You are the judges of the facts.  I will decide which rules of law apply to this case.

Nothing I say or do during the course of the trial is intended to indicate what your verdict should be.

**Burden of Proof**

This is a civil case.  Boston Scientific has the burden of proving damages by what is called a preponderance of the evidence.  That means that Boston Scientific has to produce evidence which, when considered in the light of all the facts, leads you to believe that what Boston Scientific claims is more likely true than not.  To put it differently, if you were to put Boston Scientific's and Cordis's evidence concerning

damages on opposite sides of a scale, the evidence supporting Boston Scientific's claims would have to make the scales tip somewhat on its side.

**Evidence**

The evidence from which you will find the facts will consist of the testimony of witnesses, and documents and other things admitted into evidence.  In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you.

Certain things are not evidence.

1.   Statements, arguments and questions by lawyers are not evidence. Objections to questions are not evidence.  Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the rules of evidence.  You should not be influenced by a lawyer's objection or by my ruling on the objection.  If I sustain or uphold the objection, and find the matter is not admissible, you should ignore the question or other item of evidence.  If I overrule an objection and allow the matter in evidence, you should consider the testimony or other item of evidence as you would any evidence.  If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider the evidence for that purpose only.  I will instruct you further during the trial if this happens.

2.   Anything you see or hear outside the courtroom is not evidence and must be disregarded.  You are to decide this case solely on the evidence presented here in the courtroom.

In judging the facts, it will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or

reject.

**Conduct of the Jury**

Now, a few words about your conduct as jurors.

First, during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, bring it to my attention promptly.

Second, do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there may be a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own, including any internet searches, on matters relating to the case or anyone involved in it.

Third, do not reach any conclusion as to the issues presented until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case. Although the proceedings during trial will be transcribed by court reporters, it is not the practice of this Court to make the trial transcripts available to jurors. You must rely on your own recollection of what testimony was presented and how credible that testimony was.

If you wish, you may take notes in the binders we have provided. The binders will be collected each time you leave the courtroom. Keep in mind that your notes are for your own personal use - they are not to be given or read by anyone else.

Finally, please wear your juror identification tags everyday, so that the parties

can avoid engaging you in conversation, thereby bringing your impartiality into question.

**Course of the Trial**

The trial will now begin.  The attorneys have three opportunities to talk to you during the trial.  The first opportunity is the opening statement.  During the opening statements, the attorneys will introduce their respective stories to you.  As I've already instructed, however, what the lawyers say is not evidence.  It will be up to you to determine whether the evidence - the testimony of the witnesses and the admitted documents - supports what the lawyers say in their opening statements.  The second opportunity that the lawyers have to talk to you is during transition statements.  Lawyers are permitted to make transition statements whenever they call a witness to the stand, to introduce the witness and to briefly explain the relevance of the witness's anticipated testimony.  Finally, after all the evidence is in, the lawyers will offer closing arguments to summarize and interpret the evidence for you, and to tie the evidence to their story.  I will then give you instructions on the law and describe for you the matters you must resolve.

You will then retire to the jury room to deliberate on your verdict.

You should generally expect that we will start the trial each morning at 9:30 a.m. and finish at 4:30 p.m., with two 15-minute breaks (morning and afternoon), and one half-hour break for lunch.  As I said earlier, I time my civil trials, meaning each party is given a certain number of hours in which to present its evidence.  This assures that trials will be completed on a predictable basis.  This system can only work, however, if you, as jurors, report to the courtroom on a punctual basis as well.